FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 15, 2017

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JENNIFER JANEQUA SWAY,<br><br>               Plaintiff,<br><br>   v.<br><br>SPOKANE PARATRANSIT; SPOKANE TRANSIT AUTHORITY; ALLISON MITCHEL; E. SUSAN MEYER, CEO; LANCE DURBIN; DENISE MARCHIORO; and SUSAN MILLBANK,<br><br>               Defendants. | NO: 2:16-CV-310-RMP<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM |

BEFORE THE COURT is a motion to dismiss for failure to state a claim, pursuant to Fed. R. Civ. P. Rule 12(b)(6), ECF No. 20, by all Defendants for dismissal of Plaintiff Jennifer Janequa Sway's third amended complaint, ECF No. 9. The Court has reviewed the parties' filings, including the affidavit and exhibits that Ms. Sway attached to her response to Defendants' motion, has researched the relevant law, and is fully informed.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM ~ 1

**BACKGROUND**

Plaintiff's third amended complaint, ECF No. 9, raises claims under 42 U.S.C. § 1983, for alleged constitutional violations, and Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12141–12143. Ms. Sway names as Defendants Spokane Paratransit, the Spokane Transit Authority ("STA"), Denise Marchioro, Allison Mitchell, Lance Durbin, Susan Millbank, and E. Susan Meyers. ECF No. 9. The Court notes that STA provides paratransit services as an on-demand transportation option for certain riders, but "Spokane Paratransit" does not exist as an independent entity. ECF No. 20 at 1. Ms. Sway does not specify whether she is suing the individual Defendants in their personal or official capacity.

Ms. Sway alleges that Defendants wrongfully: refused to provide paratransit rides for her to a medical appointment and back to her apartment in February 2016; prohibited her from using STA's paratransit service for twenty days in June 2016 for exceeding the allowable number of "no-shows"; cancelled Plaintiff's prior-scheduled paratransit ride to a medical appointment in October 2016; and treated her differently, as an African-American passenger, from another passenger in February 2017. Plaintiff also alleges that, in conducting STA's administrative review of her complaints to the transit administration, STA staff did not adhere to STA's Rule of Conduct 44 regarding suspension of paratransit service following no-shows, and relied on personal belief rather than facts to make decisions in her case, thus violating her rights under the Fourteenth Amendment to the U.S. Constitution.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM ~ 2

Ms. Sway alleges that the decision by an STA paratransit driver to call a "snow no-show," meaning that the driver cancelled the trip upon determining that Ms. Sway could not safely be picked up, on February 4, 2017, was erroneous and motivated by racial bias. ECF No. 9-1 at 1-3. In support of her allegation, Plaintiff describes a passenger pickup that she heard being discussed over dispatch radio while she was riding on an STA paratransit vehicle approximately two days after her snow no-show. On that day, Ms. Sway recalls hearing a paratransit driver inform dispatch that he could not find a safe place to pick up his passenger, and the dispatcher asked if the driver wanted her to call the passenger to request that the passenger "come out and meet the van." ECF No. 9-1 at 3. The driver allegedly declined her offer to call because the passenger already had emerged and was waiting in a location where the van could "go around and get him." *Id*. Ms. Sway alleges that she is familiar with the passenger at issue in the radio conversation and knows that he is not African-American.

The Court assumes Ms. Sway's factual allegations to be true for purposes of this Motion. *See Zimmerman v. Oregon Dep't of Justice*, 170 F.3d 1169, 1171 (9th Cir. 1999), *cert. denied*, 121 S. Ct. 1186 (U.S. 1999) (for purposes of Fed. R. Civ. P. Rule 12(b)(6), courts "accept as true the facts alleged in the complaint").

///

///

///

# APPLICABLE LAW

*Motions to Dismiss for Failure to State a Claim under Federal Rule of Civil Procedure 12(b)(6)*

A defendant may move to dismiss a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. Rule 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible when the plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In deciding a Rule 12(b)(6) motion to dismiss, a court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). A court is not required, however, to "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (internal quotation omitted). "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

///

///

### *Violation of Title II of the ADA*

A plaintiff bringing a case under Section 202 of Title II of the ADA, which covers discrimination in the provision of public services, must show that:

> (1) she is an individual with a disability; (2) she is otherwise qualified to participate in or receive the benefit of a public entity's services, programs or activities; (3) she was either excluded from participation in or denied the benefits of the public entity's services, programs or activities or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits or discrimination was by reason of her disability.

*Sheehan v. City & County of San Francisco*, 743 F.3d 1211, 1232 (9th Cir. 2014) (discussing requirements of a claim brought under 42 U.S.C. § 12132), *rev'd in part on other grounds, cert. dismissed in part*, 135 S. Ct. 1765 (2015).

Claims against public entities that provide public transportation are specifically addressed by 42 U.S.C. § 12143, which makes it discriminatory for:

> a public entity which operates a fixed route system . . . to fail to provide with respect to the operations of its fixed route system . . . paratransit and other special transportation services to individuals with disabilities, . . . that are sufficient to provide to such individuals a level of service which is comparable to the level of designated public transportation services provided to individuals without disabilities using such system . . . .

41 U.S.C. § 12143(a)(1). *See also* 42 U.S.C. § 12141(3) (defining "fixed route system" as "a system of providing designated public transportation on which a vehicle is operated along a prescribed route according to a fixed schedule.").

The same statute directs the Secretary of Transportation to enact regulations governing the operation of a paratransit service. 41 U.S.C. § 12143(b); *see* 49

C.F.R. § 37.121, *et seq*. One of the implementing regulations permits a transit authority to "establish an administrative process to suspend, for a reasonable period of time, the provision of complementary paratransit service to ADA eligible individuals who establish a pattern or practice of missing scheduled trips." 49 C.F.R. § 37.125(h). The transit authority also must provide an administrative process for paratransit applicants or riders who want to appeal the transit authority's adverse determinations. 49 C.F.R. § 37.125(g).

### *Violation of Equal Protection under 42 U.S.C. § 1983*

To state a claim under 42 U.S.C. § 1983, a plaintiff must prove that a defendant, while acting under color of law, deprived her of rights protected by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988). A municipality cannot be held liable solely because it employs a wrongdoer. *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 691 (1978). However, a "municipality may be held liable 'when execution of a government's *policy* or *custom* . . . inflicts the injury.'" *Los Angeles Cnty., California v. Humphries*, 562 U.S. 29, 36 (2010) (quoting *Monell*, 436 U.S. at 694) (emphasis and omissions in original). "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick v. Thompson*, 563 U.S. 51, 61 (2011).

An individual deprives a person "of a constitutional right, within the meaning of section 1983, if he [or she] does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he [or she] is legally required to do that causes the deprivation of which [the plaintiff complains]." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Causation is an essential element of a section 1983 claim. *Estate of Brooks v. United States*, 197 F.3d 1245 (9th Cir. 1999). Causation must be determined separately for each individual defendant, focusing on "the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

A plaintiff alleging a violation of the Equal Protection Clause of the Fourteenth Amendment "must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001) (quoting *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)). Race is a protected class. *Bingham v. City of Manhattan Beach*, 341 F.3d 939, 948–49 (9th Cir. 2003).

## DISCUSSION

### *Title II of the ADA*

Plaintiff asserts in her disability discrimination claim that Defendants violated Title II of the ADA when they imposed a 20-day suspension of her access to paratransit services based on a pattern of no-shows, when they administered the

appeal process related to that suspension, and when they provided a number of rides to Plaintiff that allegedly were problematic on a variety of grounds.

Defendants do not move to dismiss Plaintiffs' ADA claim in its entirety, *see* ECF Nos. 20 and 23. Rather, Defendants argue that Plaintiff cannot raise an ADA claim of discrimination in the provision of public transit services against the individual Defendants. ECF No. 20 at 8.

The Court agrees that Plaintiff may not sue the Defendants individually for discriminatory provision of paratransit services. *See Miranda B. v. Kitzhaber*, 328 F.3d 1181, 1188, note 7 (9th Cir. 2003) (recognizing caselaw that officials cannot be sued in their individual capacities under the ADA). Nonetheless, the Court reads Plaintiff's third amended complaint as stating a plausible claim under 42 U.S.C. § 12143 of the ADA against Defendant STA, assuming the truth of Plaintiff's allegations at this stage. Namely, Plaintiff's third amended complaint, broadly interpreted, states a plausible claim that the paratransit service she received is not comparable to the level of service provided to individuals without disabilities and that the STA did not appropriately determine the amount of access Plaintiff would have to paratransit services.

***Section 1983 Equal Protection Claim***

To prevail on her section 1983 claim against any of the individual Defendants, Ms. Sway would need to show that they were personally involved in activities that deprived her of a constitutional right. *See Johnson*, 588 F.2d at 743. To succeed on

her section 1983 claim against STA, Ms. Sway must demonstrate a policy or practice of the entity that routinely causes a constitutional violation or a policy of inaction that amounts to a failure to protect constitutional rights. *See Monell*, 436 U.S. at 694.

Ms. Sway does not allege any facts supporting that a practice or policy of STA violates her constitutional right to equal protection. Nor does Ms. Sway allege any facts describing decisions or acts of policymaking officials with STA that were "so persistent and widespread as to practically have the force of law." *See Connick*, 563 U.S. at 61.

Rather, Ms. Sway alleges against STA generally, and with respect to each of the individual Defendants, that she was "discriminated against based on race." ECF No. 9 at 6; *see also* ECF No. 9 at 7–13 (reciting allegations such as, "Susan Millbank discriminated against [P]laintiff based on race as all non-black paratransit clients are treated with fairness and justice"). Likewise, Ms. Sway alleges in her response to Defendants' motion to dismiss, with respect to her 20-day suspension from service and a problematic drop-off location by a paratransit driver on at least one trip, that "this has never been done to any non-African American paratransit customer," ECF No. 22 at 5. However, such conclusory allegations are insufficient to state a section 1983 equal protection claim. *See Iqbal*, 556 U.S. at 680–81.

The single instance in which Ms. Sway specifies disparate treatment from non-African-American riders is the snow no-show that she describes on February 4,

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM ~ 9

2017, contrasted with the pickup in snowy conditions that she heard described over paratransit dispatch radio on February 6, 2017. However, this instance does not attribute personal involvement to any of the individual Defendants. Moreover, there is no factual allegation upon which the Court could conclude that the allegedly different treatment of Ms. Sway from the other paratransit rider was motivated by racial bias, particularly where Ms. Sway herself describes many other differences in the circumstances surrounding her snow no-show and the other passenger's pickup. In particular, there is a key distinction between Ms. Sway remaining in her apartment and the other passenger approaching the paratransit vehicle on his own initiative, which Defendants describe as assuming the risk of the unsafe route himself.

### *Leave to Replead*

Plaintiffs whose claims are dismissed for failure to state a claim should be given leave to amend "if it appears at all possible that the plaintiff can correct the defect." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). However, "[a] district court may dismiss a complaint without leave to amend if amendment would be futile." *Airs Aromatics, LLC v. Opinion Victoria's Secret Stores Brand Mgmt., Inc.*, 744 F.3d 595, 600 (9th Cir. 2014). A court also may deny further amendment due to repeated failure to cure deficiencies by amendments that were previously allowed. *See Leadsinger, Inc. v. BMG Music Publishing*, 512 F.3d 522, 532 (9th Cir. 2008).

Ms. Sway could not plead any additional facts that would allow her to pursue her ADA discrimination claim against any of the individual Defendants. *See Miranda B.*, 328 F.3d at 1188, note 7. Suits against officers of a local government entity in their official capacity generally are considered to be suits against the entity of which the named officer is an agent. *Monell*, 436 U.S. at 690, note 55. Therefore, courts may dismiss a plaintiff's claims against individuals in their official capacity as duplicative. *See Clements v. Airport Authority of Washoe Cty.*, 69 F.3d 321, 337 (9th Cir. 1995).

As to Plaintiff's civil rights claims, Ms. Sway has filed four complaints in this matter, and the Court has screened two of those complaints through the screening process mandated by 28 U.S.C. § 1915(e)(2)(B). Through that process, Ms. Sway has been afforded multiple opportunities to remedy the deficiencies of her factual allegations regarding her section 1983 claims. However, throughout all of her amendments, Ms. Sway has not offered any additional facts supporting that any Defendant's actions toward her amounted to unfavorable treatment compared to other similarly situated paratransit riders based upon Ms. Sway being African-American. Therefore, the Court finds that further amendment is not appropriate.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants' Motion to Dismiss for Failure to State a Claim, **ECF No. 20**, is **GRANTED**.

2. Plaintiff's claims pursuant to 42 U.S.C. § 1983 are **dismissed with prejudice**.

3. Plaintiff's claims pursuant to 42 U.S.C. § 12143 of the ADA against Defendants Allison Mitchel, E. Susan Meyer, Lance Durbin, Denise Marchioro, and Susan Millbank are **dismissed with prejudice**.

4. Spokane Paratransit shall be removed as a Defendant in the caption for this matter because there is no such entity.

5. Plaintiff's claims pursuant to 42 U.S.C. § 12143 of the ADA against Defendant STA, which were not part of Defendants' motion to dismiss, may proceed at this time.

6. A scheduling conference order shall be issued separately to set a conference to determine a trial date and accompanying pretrial deadlines.

The District Court Clerk is directed to enter this Order, enter Judgment accordingly, terminate **Defendants Allison Mitchel, E. Susan Meyer, Lance Durbin, Denise Marchioro, and Susan Millbank** and provide copies of this Order to Plaintiff Ms. Sway and to counsel.

**DATED** December 15, 2017.

                                      *s/ Rosanna Malouf Peterson*
                                 ROSANNA MALOUF PETERSON
                                   United States District Judge